EVA LYNCHARD *v.* YAZOO & M. V. R. Co.

. [64 South. 935.]

1. CARRIERS. *Carrying passengers beyond station. Nominal damages:*
   *Punitive damages.*
   In a suit by a passenger against a railroad company for being
   carried beyond her station, where had she not been carried be-
   yond her station, she would have reached her destination by
   either riding or walking one mile, accompanied by her brother,
   who would have carried her suit case; but by reason of being
   carried beyond, she was compelled to walk alone, in order to
   reach her destination two or two and one-half miles, carrying
   her suit case herself and by reason thereof was made sick and
   remained in bed for three or four days with fever, she was
   entitled to recover more than nominal damages.

2. CARRIERS. *Carrying passengers beyond station. Punitive damages.*
   Where plaintiff's cause of action is predicated solely upon the
   negligence of a railroad company in carrying her beyond her
   station, and not upon any insult offered her by the conductor and
   the evidence shows that the failure to stop at her station was not
   the result of willful or wanton negligence, punitive damages
   should not be awarded.

APPEAL from the circuit court of Sunflower county.
HON. MONROE McCLURG, Judge.

Suit by Eva Lynchard against the Yazoo and Missis-
sippi Valley Railroad. From a judgment for plaintiff,
defendant appeals.

Appellant purchased a ticket from Morehead to In-
wood, a flag station on the line of the appellee, a dis-
tance of four or five miles. She boarded the northbound
train and took a seat in the rear coach. Before the con-
ductor reached her for the purpose of collecting tickets,
the train had passed Inwood, and when she handed her
ticket to the conductor she called his attention to that
fact. The train stopped at the next station, called Sun-
flower, and the appellant got off the train. Appellant

lived about a mile north of Inwood and about two and one-half miles south of Sunflower. She had notified her brother to meet her on the northbound train at Inwood. No one met her at Sunflower, and she was without funds to pay a hotel bill, or to hire a team to· drive her to her home. She had with her a grip weighing about twenty or twenty-five pounds. She testified that it took her about three hours to walk back from Sunflower to her home lugging this grip, and that as a consequence she reached home very much exhautsed and was confined to her bed for several days with fever. On the trial, the court instructed the jury to find for plaintiff and award nominal damages only. From a judgment for one dollar she appeals.

*Walter S. Chapman,* for appellant.

The first assignment of error in the above styled cause is to the action of the court below in giving the instruction to the jury at the instance of the defendant there, appellee here, to find for the plaintiff and assess her merely nominal damages.

The instruction excludes actual damages, although it was shown that nothing in palliation was in evidence in the court below in regard to the action of the defendant there, appellee here, in not stopping at appellant's point of destination, and no reason was assigned for such delinquency then or at any subsequent time.

In one of the latest decisions the fact is emphasized by this court in the opinion, and also in the opinion overruling a suggestion of error, that in such case where a passenger is carried beyond his or her place of destination, he or she can always recover actual damages, and to quote the language employed by the then chief justice of the supreme court will be sufficient, we contend, to establish reversible error committed by the court below. In the case of *Y. & M. V. R. R. Co.* v. *Hardie,* 100 Miss. 136, we quote as follows: "It is evident the company

is liable for whatever actual damage Mrs. Hardie may
have sustained by the reason of the failure to perform
its duty." *Higgins* v. *L. N. O. & T. R. R. Co.,* 64 Miss.
80-82; also, *L. N. O. & T. R. R. Co.* v. *Mask,* 64 Miss.
738-745, inclusive.. *Railroad Co.* v. *Hines,* 69 Miss. 160
to 168.

The second assignment of error is to the action of
the court below, in refusing to give the plaintiff in the
court below instructions number 1, 2, 3, 4 and 5, respec-
tively.

If the plaintiff in the court below, appellant here, was
entitled to have the jury consider the question of actual
damages, it follows logically that the one instruction
given at the request of the defendant to the jury, "to find
only nominal damages for the plaintiff," was error, and
*ipso facto,* the instructions numbered 5, 1, 2, and 3 re-
fused by the court below, should have been given as each
one refers to the recovery of actual damages; therefore
a reversible error on the part of the court below is a nat-
ural sequence.

We think the court erred in refusing to give for the
consideration of the jury punitory damages asked for in
instruction number 4. Added to the injury caused by the
negligence of the defendant was the insult sustained by
the appellant through the conduct and bearing of the
conductor or auditor in the presence of the appellant
and in the presence of Mr. C. H. Aldridge and others in
the car in which appellant was seated. He deliberately
refused to satisfy her and allay her anxiety by speech
or conduct. She was as completely ignored and scorned
as if she were a "dead beat" on the train of appellee,
and entitled to no respect or consideration on the part of
any of the agents, servants or employees of said train.

The third assignment of error is to the action of the
court below in modifying plaintiff's sixth instruction, so
as to direct the jury to find nominal damages only, by
their verdict. If the jury had the right to consider

whether she was entitled to actual damages, this instruction as modified by the court was wrong and hurtful to the interests of plaintiff, and is error sufficient to cause a reversal of this case.

*Mayes & Mayes,* for appellee.

The plaintiff has not shown that the conductor was guilty of any malice, wilfulness, wantonness or rudeness, or of anything else which would justify an award of punitive damages.

Not only are the elements of malice, wilfulness, wantonness and rudeness and gross negligence wholly lacking in this case, but even if they were present, that would avail appellant nothing here, because there never can be an award of punitive damages when the plaintiff has shown a right to recover only nominal damages. 23 So. 937; 50 Wis. 645; 86 Tex. 675; 68 Me. 279.

The one and only question in this case is, did the appellant sustain any actual damage by reason of her being carried past Inwood? If she did, then this case must be reversed. But if she did not, then it must be affirmed.

We have gone over the case carefully, and have examined every phase of it, and we are now confident that the action of the court below in limiting plaintiff's recovery to nominal damages was correct.

The trial court heard the witnesses testify, and observed their demeanor while they were on the stand. The trial court was in a far better position to weigh the testimony in this case, than is this supreme court.

After having carefully weighed the testimony, the trial court instructed the jury to award only nominal damages; and we are sure that this supreme court will not take it upon itself to disturb the finding of the lower court. This case should be affirmed.

Argued orally by *W. S. Chapman,* for appellant, and *Lucius L. Mayes,* for appellee.

SMITH, C. J., delivered the opinion of the court.

At the request of the defendant the court below charged the jury "to find for the plaintiff and assess her merely nominal damages," and from a verdict and judgment accordingly plaintiff appeals.

According to the evidence of appellant, had she not been carried by her station, she would have reached her destination by either walking or riding one mile, accompanied by her brother, who would have carried her suit case; but by reason of having been carried by her station she was compelled to walk alone, in order to reach her destination, two or two and one-half miles, carrying her suit case herself, by reason of which she became sick and remained in bed with fever three or four days. If this is true, the jury would have been warranted in awarding her more than mere nominal damages.

The cause of action stated in the declaration is predicated solely upon the negligence of appellee in carrying appellant beyond her station, and not upon any insult offered her by the conductor; and as the evidence shows that the failure of appellee's servants to stop its train at appellant's station was not the result of willful or wanton negligence, punitive damages are not recoverable.

The judgment of the court below will be reversed, in so far as it fixes the amount of appellant's damages, and a new trial awarded on that issue; but in all other respects it will remain in full force and effect.

*Reversed.*